UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ICONOCARE STRATEGIC BRANDING LLC d/b/a ICONOCARE HEALTH SOLUTIONS,

*Plaintiff*,

v.

ATTWILL MEDICAL SOLUTIONS STERILFLOW L.P.,

*Defendant.*

Case No. 3:26-cv-01023

---

**COMPLAINT**

**Introduction**

1. Plaintiff, Iconocare Strategic Branding LLC, and Defendant, Attwill Medical Solutions Sterilflow L.P., entered into a Sales Representative Agreement in 2019 whereby Plaintiff was made Defendant's exclusive and independent sales representative in North America. Pursuant to that agreement, Plaintiff marketed and solicited orders for Defendant's products to prospective and existing customers throughout North America in exchange for commissions on sales of Defendant's products. Since 2023, Defendant has failed to pay Plaintiff certain duly owed commissions. As a result, Plaintiff has suffered damages of at least $995,060.62.

**Parties**

2. Plaintiff Iconocare Strategic Branding LLC ("Iconocare") is an Arizona Limited Liability Company, d/b/a Iconocare Health Solutions, with a principal place of business at 1435 North Hayden Road, Suite 100, Scottsdale, Arizona 85257.

3. Iconocare's members include Tim Einwechter ("Einwechter"), Rick Ferreira ("Ferreira"), Michael Palazzolo ("Palazzolo"), and Lars Thording ("Thording"). Ferreira is a resident and citizen of Florida. Einwechter, Palazzolo, and Thording are residents and citizens of Arizona.

4. Defendant Attwill Medical Solutions Sterilflow L.P. ("Attwill") is a Utah Limited Partnership with a principal place of business at 925 Development Drive, Lodi, Wisconsin 53555.

5. Upon information and belief, Attwill's partners include A.E. Di Fiore Enterprises, Inc., a Utah Corporation with a principal place of business at 2141 W 7000 S, West Jordan, Utah 84084, and Attwill Medical Solutions Inc., a Delaware Corporation with a principal place of business at 925 Development Drive, Lodi, Wisconsin 53555.

## **Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Iconocare and its members and Attwill and its partners, and this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Iconocare's claims occurred in this District.

8. Pursuant to Section 16.16 of the Parties' Sales Representative Agreement, the Parties consented and conferred exclusive jurisdiction to Wisconsin state and federal courts:

> Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts and agrees to bring any such action, litigation, or proceeding only in [the United States District court for the Western District of Wisconsin] or, if such court does not have subject matter jurisdiction, the courts of the State of

[Wisconsin] sitting in [Madison Wisconsin].

9. In accordance with federal law governing jurisdiction and venue, and the agreed forum selected, the United States District Court for the Western District of Wisconsin has jurisdiction and is the proper venue.

## Facts

10. Iconocare acts as an independent sales representative to solicit orders and sell products for Attwill.

11. Attwill is in the business of manufacturing, developing, and selling medical device products, pharmaceutical ingredients and biologics for wholesale.

12. With respect to its medical devices, Attwill produces various vascular-access support devices as well as anti-infection and anti-clotting medical products.

13. These products include, but are not limited to, HALOGuard, a single-use protective disc with chlorhexidine gluconate ("CHG") to reduce microbial impact on the site dressing on patients with IV and other catheters.

14. On or about April 2019, Iconocare and Attwill entered into the Sales Representative Agreement (the "Agreement")[1] whereby Iconocare would sell Attwill's products for wholesale throughout North America. A true and accurate copy of the Agreement is attached as **Exhibit 1**.

[1] The Agreement incorrectly lists "ATTWILL MEDICAL SOLUTIONS LP," a Utah Limited Partnership, as the party to the Agreement. This is a misnomer and scrivener's error, as no such entity in Utah exists. The actual name of the Utah entity is ATTWILL MEDICAL SOLUTIONS STERILFLOW L.P., which has properly been named as the Defendant in this action.

15. Specifically, under the Agreement, Attwill appointed Iconocare "to act as an exclusive independent sales representative of Products to Customers in the Territory during the Term, solely in accordance with the terms and conditions of this Agreement." Agreement § 2.1.

16. The "Products" include HALOGuard.

17. The Agreement defines the "Territory" as "any Customer in North America." Agreement § 1.

18. Under the Agreement, Iconocare was required to "market, advertise, promote, and solicit the sale of the Products to prospective and existing Customers consistent with good business practice, in each case using its best efforts to maximize Product sales volume in the Territory." Agreement § 3.1.

19. Iconocare performed these obligations.

20. Once the Product was sold, Attwill was required to pay Iconocare a commission for its services for "all sales solicited by [Iconocare] pursuant to the terms of this Agreement, in the amount equal to [twenty] percent ([20] %) of the Net Sales of such sale so long as the sales price is greater than or equal to US $3 per device." Agreement § 6.1.

21. The Agreement defines "Net Sales" as "the net sales (exclusive of sales tax and after applying any discounts, credits, rebates, or adjustments) of the Products sold pursuant to a Purchase Contract, as reflected on the invoice applicable to such sale, exclusive of any other amounts (if any) set forth on such invoice." Agreement § 1.

22. All conditions precedent to Commissions becoming due have been satisfied.

23. Under Section 6.2(b) of the Agreement, "[Attwill] shall pay [Iconocare] on each Quarterly Date the Commission owed for the immediately preceding Quarterly Period," and the

Agreement defines "Quarterly Date" as "each of April 15th, July 15th, October 15th, and January 15th."

24. Since 2023, Attwill has failed to keep its commission payments up to date. As of October 13, 2026, the total outstanding amount Attwill owes to Iconocare is at least $995,060.62.

**COUNT I**
**(Breach of Contract)**

25. Iconocare realleges paragraphs 1-24 above.

26. On or about April 2019, Iconocare and Attwill entered into the Agreement to govern their relationship in connection with the sale of Attwill's Products.

27. The Agreement is a valid and enforceable contract.

28. Attwill agreed to compensate Iconocare commissions for its work in soliciting orders and selling the Product.

29. At all relevant times, Iconocare acted in good faith in performing its contractual obligations to Attwill under the Agreement.

30. Iconocare has satisfied all conditions precedent to earning commissions pursuant to the Agreement.

31. Attwill materially breached the Agreement by withholding commissions and failing to pay Iconocare its duly owed commissions.

32. As a direct and proximate result of Attwill's breach of the Agreement, Iconocare has suffered damages of at least $995,060.62 or other amount to be determined at trial.

**COUNT II**
**(Violation of Wis. Stat. § 134.93)**

33. Iconocare realleges paragraphs 1-32 above.

34. At all relevant times, Iconocare was an "independent sales representative" as defined by Wis. Stat. § 134.93(1)(b).

35. At all relevant times, Attwill was a "principal" as defined by Wis. Stat. § 134.93(1)(c) that manufactures, produces, imports or distributes a product for wholesale.

36. Iconocare and Attwill had a contractual agreement pursuant to which Iconocare was entitled to a 20% commission of certain Net Sales made on behalf of Attwill for wholesale.

37. Pursuant to the Agreement, Attwill was required to pay Iconocare "on each Quarterly Date the Commission owed for the immediately preceding Quarterly Period."

38. Since 2023, Attwill has failed to pay commissions due to Iconocare.

39. Iconocare has suffered damages of at least $995,060.62 or other amount to be determined at trial.

40. Pursuant to Wis. Stat. § 134.93(5), Iconocare is entitled to actual damages and exemplary damages of up to 200% of the unpaid commissions plus costs and attorney fees.

WHEREFORE, Iconocare requests this Court:

(1) Enter judgment in Iconocare's favor against Attwill;

(2) Award Iconocare actual damages in the amount of at least $995,060.62;

(3) Award Iconocare exemplary damages of 200% of the amount of commissions due;

(4) Award pre-judgment and post-judgment interest;

(5) Award Iconocare its attorneys' fees;

(6) Award costs; and

(7) Award such other relief this Court deems fair and just.

Dated: October 13, 2026

Respectfully submitted,

GODFREY & KAHN, S.C.

*s/ Allison W. Reimann*

Allison W. Reimann
Wisconsin State Bar No. 1107864
Nathan Watson
Wisconsin State Bar No. 1115783
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
Facsimile: (608) 257-0609
Email: areimann@gklaw.com
Email: nwatson@gklaw.com

NIXON PEABODY LLP

Sean Bosack
Wisconsin State Bar No. 1029661
One Citizens Plaza, Ste. 500
Providence, RI 02903
Phone: (401) 454-1029
Facsimile: (833) 480-6852
E-mail: sbosack@nixonpeabody.com

*Attorneys for Plaintiff Iconocare Strategic Branding LLC d/b/a Iconocare Health Solutions*

39236011